## Johnson's Estate.

*Michael J. Geraghty,* for petition; *Saul, Ewing, Remick & Saul,* for trustee.

GEST, J., Nov. 1, 1929.—The testator in this case, after disposing of his personal estate, devised his real estate, which consisted of premises No. 133 West Apsley Street, to the Real Estate Title Insurance and Trust Company in trust to collect the rents, pay taxes, etc., and to pay the residue of the income to Mary A. Johnson, wife of Frank P. Johnson, during the term of her life for her sole and separate use, and upon her death he devised the premises to such persons as Mary A. Johnson should, by her last will and testament, have appointed devisee or devisees thereof. The testator then provided: "Said Trustee shall sell any or all of said real estate at any time during the natural life of the said Mary A. Johnson, if in her judgment and discretion it be necessary so to do to relieve her pecuniary circumstances."

Mary A. Johnson has presented her petition, setting forth that she is sixty-seven years of age and in feeble health, unable to work and in need of funds for her own use; that her husband is seventy-seven years of age and is in

impecunious circumstances; that she occupies premises No. 133 West Apsley Street as her home and has no income for her support, and the current taxes have not been paid. She, therefore, asks that the trustee be directed to sell the property and appropriate the proceeds to her support and maintenance in accordance with the provisions of the will.

The answer of the trustee sets forth on the advice of counsel its doubt as to its right to pay over any part of the proceeds of the sale of the premises to Mary A. Johnson, and that the above-quoted provision of the will relates solely to the income of the proceeds of the sale as it may hereafter accrue.

We observe, however, that although Mary A. Johnson is given a power of testamentary appointment over the real estate in question, yet the will contains no remainder over in case of her default in the exercise of this power of appointment, and, consequently, in such an event the testator may have died intestate with respect to the premises.

We are of opinion, therefore, that the testator's heirs should be cited to show cause why the prayer of the petition should not be granted. We will retain the petition and answer for further action after the heirs have been made parties to the record and have filed their answers to the petition.